Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: *seth@sethwienerlaw.com*

Attorney for Plaintiff
QUALITY CONTROL SERVICES GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALITY CONTROL SERVICES GROUP, INC.;<br><br>Plaintiff,<br><br>v.<br><br>GENETIX, LLC; PAT A. BELL; NATURAL STATE LABORATORIES, LLC; STEPHEN W. HARRISON; NATURAL STATE GENOMICS, LLC; SEABORN J. BELL; JEFFREY WEEKS; AND DOES 1 THROUGH 10;<br><br>Defendants. | Case No.: 8:22-cv-700<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Quality Control Services Group, Inc. ("Plaintiff" or "QCSG") for its Complaint against Defendants Genetix, LLC, Pat A. Bell, Natural State Laboratories, LLC, Stephen W. Harrison, Natural State Genomics, LLC, Seaborn J. Bell, Jeffrey Weeks, and Does 1 through 10 (collectively, "Defendants") makes the allegations below.

## **INTRODUCTION**

1. This case arises out of Defendants' failure to pay for marketing services rendered by QCSG between May 2021 and June 2021. By this lawsuit, QCSG seeks to recover the $209,384.62 due to it, plus accrued interest, attorneys' fees, and court costs.

Complaint – Page 1

# PARTIES

2. Plaintiff Quality Control Services Group, Inc. is a Nevada corporation with its principal place of business in Orange County, California.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Genetix, LLC is an Arkansas limited liability company, and that its principal place of business is at 2211 Huntleigh Court, Little Rock, AR 72212.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant Pat A. Bell is an individual resident in Arkansas, and that his usual place of business is at 2211 Huntleigh Court, Little Rock, AR 72212.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant Natural State Laboratories, LLC is an Arkansas limited liability company, and that its principal place of business is at 5007 Ranch Road, Suite 202, Little Rock, AR 72223.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant Stephen W. Harrison is an individual resident in Arkansas, and that his usual place of business is at 5007 Ranch Road, Suite 202, Little Rock, AR 72223.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Natural State Genomics, LLC is an Arkansas limited liability company, and that its principal place of business is at 1400 Kirk Road, Suite 110, Little Rock, AR 72223.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant Seaborn J. Bell is an individual resident in Arkansas, and that his usual place of business is at 1400 Kirk Road, Suite 110, Little Rock, AR 72223.

9. Plaintiff is informed and believes, and based thereon alleges, that Defendant Jeffrey Weeks is an individual resident in Arkansas, and that his usual place of business is at 5007 Ranch Road, Suite 202, Little Rock, AR 72223.

10. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, and therefore sues these Defendants by such

fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

11. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## ALTER EGO ALLEGATIONS

12. Plaintiff is informed and believes, and thereon alleges, that Genetix, LLC is, and at all times since its formation was, the alter ego of Pat A. Bell. Plaintiff is informed and believes, and based thereon alleges, that there is a unity of ownership and interest by and between said Defendants such that any separateness between them has never existed. Plaintiff is informed and believes, and based thereon alleges, that Genetix, LLC was formed by Pat A. Bell, operated with inadequate capitalization and failed to respect other corporate formalities that would indicate a separate existence from Pat A. Bell.

13. Plaintiff is informed and believes, and thereon alleges, that Natural State Laboratories, LLC is, and at all times since its formation was, the alter ego of Stephen W. Harrison and Jeffrey Weeks. Plaintiff is informed and believes, and based thereon alleges, that there is a unity of ownership and interest by and between said Defendants such that any separateness between them has never existed. Plaintiff is informed and believes, and based thereon alleges, that Natural State Laboratories, LLC was formed by Stephen W. Harrison and Jeffrey Weeks, operated with inadequate capitalization and failed to respect other corporate formalities that would indicate a separate existence from Stephen W. Harrison and Jeffrey Weeks.

14. Plaintiff is informed and believes, and thereon alleges, that Natural State Genomics, LLC is, and at all times since its formation was, the alter ego of Seaborn J. Bell and Jeffrey Weeks. Plaintiff is informed and believes, and based thereon alleges, that there is a unity of ownership and interest by and between said Defendants such that

any separateness between them has never existed. Plaintiff is informed and believes, and based thereon alleges, that Natural State Genomics, LLC was formed by Seaborn J. Bell and Jeffrey Weeks, operated with inadequate capitalization and failed to respect other corporate formalities that would indicate a separate existence from Seaborn J. Bell and Jeffrey Weeks.

## JURISDICTION

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects or a foreign state.

## VENUE

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

17. Defendants market, provide, and sell genetic testing services to consumers.

18. In or about May 2020, Plaintiff and Defendants entered into an oral agreement under which Plaintiff and its affiliated entities were to provide the following services to Defendants: (a) design, develop, launch, and maintain a corporate website for Defendants at www.genetix.ai.; (b) design, develop, launch, and maintain a web-based customer relations management (CRM) application for use by Defendants to onboard and monitor customer activity; (c) design, implement, and manage online digital marketing campaigns via Facebook and Google, and such other marketing to generate sales leads for Defendants; and (d) initial lead qualification in accordance with mutually agreed upon parameters, for collecting insurance and primary care physician information, and for shipping testing kits to qualified patients.

19. Plaintiff and its affiliated entities duly provided the services to Defendants between May 2020 and June 2021.

20. Defendants stopped paying for Plaintiff's services in June 2021.

21. Plaintiffs continued to perform services for Defendants for several weeks after Defendants stopped issuing payments based on promises by Defendants that payments for the services would be forthcoming.

22. At the present time, the principal amount due and owing from Defendants to Plaintiff is $209,384.62.

## FIRST CAUSE OF ACTION
## QUANTUM MERUIT
## (AGAINST DEFENDANTS)

23. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

24. Defendants requested by words or conduct that Plaintiff perform marketing services.

25. Plaintiff performed the services as requested.

26. Defendants have not paid Plaintiff for the services.

27. The reasonable value of the services provided by Plaintiff and unpaid by Defendants is $209,384.62.

## SECOND CAUSE OF ACTION
## OPEN BOOK ACCOUNT
## (AGAINST DEFENDANTS)

28. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

29. Plaintiff and Defendants had financial transactions with respect to the services that were provided by Plaintiff to Defendants.

30. Plaintiff kept an account of the debits and credits involved in the transactions.

31. Defendants owe the principal amount of $209,384.62, plus interest thereon, to Plaintiff.

# THIRD CAUSE OF ACTION
## ACCOUNT STATED
### (AGAINST DEFENDANTS)

32. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

33. Defendants currently owe the principal amount of $209,384.62, plus interest thereon, to Plaintiff.

34. Defendants and/or their agents confirmed that the principal amount of $209,384.62, plus interest thereon, was the correct amount owed by Defendants to Plaintiff.

35. Defendants have not paid Plaintiff any of the amount owed under this account.

36. Defendants owe $209,384.62, plus interest thereon, to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For damages in an amount to be proved at trial, but not less than $209,384.62;
2. For prejudgment and postjudgment interest;
3. For attorney's fees as permitted by law or contract;
4. For injunctive relief;
5. For costs of suit; and
6. For such other and further relief as the Court deems just and proper.

///
///
///
///
///
///

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Local Rule 38-1, Plaintiff Quality Control Services Group, Inc. demands a trial by jury on all claims so triable.

Dated:  March 30, 2022                    LAW OFFICES OF SETH W. WIENER

By:_____
Seth W. Wiener
Attorneys for Plaintiff
Quality Control Services Group, Inc.